UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 06-82-SS-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RICHARD TODD ROBERTS and | ) | **MEMORANDUM OPINION** |
| VERNON HACKER, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of the Defendants' motions to sever Count 4 of the indictment or, in the alternative, Defendant Hacker's motion to sever the Defendants' trials. [Record Nos. 148, 163]  The Defendants have not requested a hearing on these issues, and the matters stand submitted at this time.

Having reviewed the parties' briefs and being otherwise sufficiently advised, the Court will deny the Defendants' motions to sever Count 4 and Defendant Hacker's motion to sever the Defendants' trials.

## I.    BACKGROUND

On October 5, 2006, a second superceding indictment was returned in this case charging the Defendants with several drug-related crimes, including conspiring together and with Bobby Joe Curry ("Curry") and others to distribute and possess with intent to distribute five kilograms or more of cocaine, conspiring together and with Curry and others to distribute and possess with

-1-

intent to distribute pills containing oxycodone and methadone, and conspiring together and with

Curry and others to distribute and possess with intent to distribute pills containing hydrocodone.

These conspiracies are alleged to have occurred from on or about a day in July, 1999, until on

or about May 2, 2005, in Clay County, Kentucky.  In addition, Defendant Roberts is charged in

Count 4 of the indictment with unlawfully converting federal funds of a government agency to

the use of another person in violation of 18 U.S.C. § 666 from on or about April, 2003, until

March, 2004.

Defendant Curry has entered into a plea agreement as to the counts charged against him

in the first superceding indictment, and the United States intends to call Curry as a witness in the

trial of Roberts and Hacker.

## II.    ANALYSIS

Defendant Hacker has moved the Court to sever Count 4 of the indictment or,

alternatively, to sever the Defendants' trials.  [Record No. 148]  Defendant Roberts has also

moved to sever Count 4 from the conspiracy counts charged against him.  [Record No. 163]

Both Defendants assert that joinder of the Defendants with regard to Count 4 is improper under

Federal Rule Criminal Procedure 8(b).  The United States objects to the Defendants' motions and

alleges that the theft of government funds charged in Count 4 against Roberts arises out of and

is inextricably intertwined with the drug conspiracies charged in Counts 1, 2 and 3.

Joinder of two or more defendants is proper under Rule 8(b) if the defendants "are alleged

to have participated in the same act or transaction, or in the same series of acts or transactions,

constituting an offense or offenses." Fed. R. Crim. P. 8(b).  Rule 8(b) further provides that "[t]he

defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count." *Id*.  According to the Sixth Circuit, "this rule 'can, and should, be broadly construed in favor of initial joinder, because of the protection Rule 14 affords against unnecessarily prejudicial joinder.'" *United States v. Swift*, 809 F.2d 320, 322 (6th Cir. 1987) (*quoting United States v. Franks*, 511 F.2d 25, 28 (6th Cir.1975)).  In deciding whether joinder is proper, "the predominant consideration is whether joinder would serve the goals of trial economy and convenience; the primary purpose of this kind of joinder is to insure that a given transaction need only be proved once." *Id*. (*citing Franks*, 511 F.2d at 29).

Additionally, where the indictment charges a conspiracy, separate counts against individual defendants are properly joined when "they are logically interrelated and involve overlapping proof." *Swift*, 809 F.2d at 322; *United States v. Johnson*, 763 F.2d 773, 775 (6th Cir. 1985) ("A group of acts or transactions is logically interrelated, for instance, if the acts or transactions are part of a common scheme or plan.")  In *Swift*, the Sixth Circuit held that the individually-charged counts of possession, racketeering, and perjury were properly joined in an indictment alleging a drug conspiracy involving nine defendants because "all of the counts were related and involved many of the same elements of proof, and because joinder advanced judicial economy." *Id*.

Here, the Defendants contend that joinder under Rule 8(b) is improper because the alleged theft of government funds is not connected to the drug conspiracies charged in the remaining counts of the indictment.  The Defendants cite *United States v. Hatcher*, 680 F.2d 438 (6th Cir. 1982), in support of their motions.  In *Hatcher*, the Sixth Circuit held that the joinder

was improper under Rule 8(b) where two defendants were charged with multiple heroin-related

counts, and one defendant was charged in several unrelated cocaine counts. *Hatcher*, 680 F.2d

438, 440. The court reasoned that

> The joinder of multiple defendants is proper under Rule 8(b) only if each of the
> counts of the indictment arises out of the same act or transaction or series of acts
> or transactions, even if all counts of the indictment include a common defendant.
> In the present case the indictment on its face alleges no connection between
> Manetas and the cocaine-related charges against Hatcher. Neither does the record
> reveal any evidence of such a connection.

*Id*. at 441 (citations omitted). The Sixth Circuit concluded that, based on the lack of any

allegations in the indictment or the record before the court connecting the heroin charges to the

cocaine charges, joinder was improper as a matter of law. *Id*.

The United States asserts that the case presently before the Court is distinguishable from

*Hatcher* because there is evidence in the record connecting the theft of government funds to the

overall conspiracy. Specifically, the United States points to the admissions in the proposed plea

agreement of the alleged co-conspirator, Curry. The proposed plea agreement states, in relevant

part, as follows:

> During the conspiracy, Roberts and Hacker, who worked inside the Manchester
> Police Department, each provided protection on numerous occasions for the
> Defendant by making calls to the Defendant advising of police activity. The
> Defendant was supplied drugs by Roberts from the evidence of the Manchester
> Police department. In addition, Roberts and Hacker helped the Defendant by
> purchasing from the Defendant stolen merchandise including firearms which were
> taken in by the Defendant in trade of drugs.

[Record No. 111] The United States additionally points to the fact that Hacker and Roberts are

jointly charged in all three drug conspiracies, that both Hacker and Roberts kept offices in the

Manchester Police Department, that the money allegedly stolen from the police department was

confiscated from individuals charged with drug crimes by the Manchester Police Department, and that witnesses will testify that the theft of drugs and money occurred during the time of the conspiracy. The United States further asserts that the theft of government funds is a substantive offense intended to accomplish one of the conspiracy's objectives.

Both Defendants are charged in this case in three separate drug conspiracies involving cocaine, methadone, oxycodone, and hydrocodone. These conspiracies are alleged to span over five years, including the time during which the activities involved in Count 4 of the indictment allegedly took place. Based on the indictment and the admissions of the co-conspirator, Curry, it is clear that the conspiracy counts and the count involving theft of government funds involve overlapping proof and are part of the same series of acts or transactions. Thus, the Court finds the Sixth Circuit's holding in *Swift* to be the more persuasive authority. In *Swift*, the court upheld the joinder of the defendants for separate, individually-charged offenses within an overarching drug conspiracy under Rule 8(b), reasoning that:

> The counts joined for trial in this case satisfy this requirement because they are logically interrelated and involve overlapping proof. The drug conspiracy count involved all nine defendants. Swift's possession of the more than 1,000 pounds of marihuana was one of the overt acts of the conspiracy. Swift's racketeering count involved interstate travel for the purpose of obtaining marihuana. Hettmansperger's perjury count was related to his involvement in that conspiracy, and evidence establishing his involvement in that conspiracy also established the falsity of his grand jury testimony. The racketeering counts in which neither Swift nor Hettmansperger was indicted involved the investment of proceeds from the marihuana conspiracy. Thus, because all of the counts were related and involved many of the same elements of proof, and because joinder advanced judicial economy, the joinder was appropriate.

*Swift*, 809 F.2d at 322 (citations omitted).

As in *Swift*, the drug conspiracies charged in the present case cover all the Defendants, and the theft of government funds is related to Defendant Roberts's involvement in the conspiracy. According to the United States, the evidence establishing the theft of the funds will also be used to establish Roberts' involvement in the conspiracy, as the source of some of the drugs and money was the same. [Record No. 168] Therefore, joinder under Rule 8(b) is proper and the Defendants' motions to sever Count 4 will be denied.

Defendant Hacker alternatively asserts that the Defendants' trials should be severed; however, Hacker offers no law or facts to support this argument. "[A]s a general rule, particularly in conspiracy cases, defendants who are jointly indicted should be tried together in the same proceeding." *United States v. Cunningham*, 757 F. Supp. 840, 843 (D. Ohio 1991). Because the Court has determined that initial joinder of the defendants is proper under Rule 8(b), and Hacker has not offered any additional arguments to warrant the severance of the Defendants for trial, the Court will deny the motion to sever the Defendants' trials.

### III.    Conclusion

It is **ORDERED** that the Defendants' motions to sever Count 4 [Record Nos. 148, 160] and Defendant Hacker's motion to sever the defendants for trial [Record No. 148] are **DENIED**.

This 20th day of November, 2006.



Signed By:
*Danny C. Reeves*
United States District Judge