UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 06-82-SS-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| RICHARD TODD ROBERTS | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendant Richard Todd Roberts's objection [Record No. 184] to United States Magistrate Judge Robert E. Wier's Order denying the Defendant's motion for a bill of particulars as to the second superceding indictment. The Magistrate Judge previously denied the Defendant's motion for a bill of particulars as to the first superceding indictment; however, the Defendant's objection to that Order was denied, as moot, due to the filing of the second superceding indictment.

Having reviewed the parties' pleadings in this matter, the Court finds that the Magistrate Judge properly denied the Defendant's motion and, therefore, will deny the Defendant's objection to the Magistrate Judge's Order.

**I.   BACKGROUND**

On October 5, 2006, the grand jury returned a second superceding indictment in this case charging the Defendant with several conspiracies, including conspiring with Defendants Vernon Hacker and Bobby Joe Curry ("Curry") and others to possess with intent to distribute cocaine

and Schedule II and III pills. These conspiracies are alleged to have occurred from on or about a day in July 1999, until on or about May 2, 2005, in Clay County, Kentucky. In addition, the Defendant is charged with the theft of over $5,000 in government funds in violation of 18 U.S.C. § 666. Defendant Curry has entered into a plea agreement as to the counts charged against him in the first superceding indictment. It is apparent that the United States intends to call Curry as a witness in the trial of Roberts and Hacker.

As mentioned above, this is the Defendant's second request for an order directing the government to provide the Defendant with a bill of particulars. The Defendant was indicted in the first superceding indictment returned in this matter on August 17, 2006, and filed his first motion for a bill of particulars on August 31, 2006. [Record No. 74] The Magistrate Judge subsequently denied the Defendant's motion. The Defendant objected to the Magistrate's Order, but a second superceding indictment was returned on October 5, 2006, before his objection was submitted to the Court. The Court then denied the objection as moot. Thereafter, the Defendant filed a motion for a bill of particulars as to the second superceding indictment [Record No. 139], requesting substantially the same information as the first motion, but with less particularity. The Magistrate Judge again denied the Defendant's motion, and the Defendant filed his present objection to the Magistrate's Order. [Record No. 184] Defendant Hacker joined in all the previously filed pleadings regarding the requests for a bill of particulars; however, he did not join in the currently pending objection.

On the same date the Defendant filed his most recent objection, he also filed a motion to continue the trial in this matter. It is noteworthy that, in support of his motion to continue, the Defendant asserted that

> [t]his defendant needs additional time to prepare for trial because he has not had an opportunity to completely review the voluminous discovery provided by the United States on October 5, 2006 (1 CD containing 534 pages); October 17, 2006 (1 CD containing 2480 pages, 1 audio tape and 1 video tape); and, November 10, 2006 (1 CD containing 31 pages)[.]

[Record No. 185, p. 1] The Court continued the trial in this matter for other reasons, and the Defendant's motion to continued was denied as moot. Despite the Defendant's assertions in his motion to continue regarding the "voluminous discovery" provided by the United States, the Defendant simultaneously filed his objection to the Magistrate Judge's Order denying his motion for a bill of particulars.

## II.   ANALYSIS

The Defendant contends that a bill of particulars is necessary in this case to apprise him of the nature and scope of the charges against him, to allow him to adequately prepare for trial, to prevent prejudicial surprise at trial, to clarify the issues and avoid confusion and delay at trial, and to protect him against a second prosecution for the same offense. [Record No. 184] In support of his motion and objection, the Defendant adopts the arguments in his previous motion and objection as to the first superceding indictment and asserts that the "second superceding indictment is vague and conclusory and Roberts needs the assistance of the requested bill of particulars in order to properly defend the charges." [Record No. 184, p. 2]

Rule 7(f) of the Federal Rules of Criminal Procedure permits the Court to direct the government to file a bill of particulars when the indictment does not sufficiently set out the charges against the defendant. *United States v. Ridley*, 199 F. Supp. 2d 704, 707 (S.D. Ohio 2001). The well-recognized purposes of a bill of particulars are summarized as follows:

> [1] to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, [2] to avoid or minimize the danger of surprise at the time of trial, and [3] to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976); *see also United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). However, a bill of particulars is "not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Salisbury*, 983 F.2d at 1375 (*citing United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978); *see also Ridley*, 199 F. Supp. 2d at 708 ("This is particularly true in a conspiracy case in which the Government is not required to disclose all overt acts alleged to have occurred in furtherance of the conspiracy.") (citations omitted).

Accordingly, a bill of particulars need not issue "in light of a detailed indictment." *Salisbury*, 983 F.2d at 1375. An indictment is deemed sufficiently detailed "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charges against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 176 (6th Cir. 1992) (*quoting Hamling v. United States*, 418 U.S. 87, 117 (1974)). Courts have generally held that an indictment satisfies these requirements if it "set[s] forth the elements

of each offense charged, the time and place of the defendant's conduct that violated that offense, and citation to the statute or statutes violated." *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981); *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991).

In the present case, the Defendant is charged with several drug conspiracies in violation of 21 U.S.C. § 846. "To obtain a conviction under section 846 the government must prove the existence of an agreement to violate the drug laws and that each conspirator knew of, intended to join and participated in the conspiracy." *Superior Growers Supply, Inc.*, 982 F.2d at 177 (*citing United States v. Blakeney*, 942 F.2d 1001, 1009 (6th Cir. 1991)). In this circuit, the government is not required to charge or prove the commission of an overt act in furtherance of the conspiracy to obtain a conviction. *Id.* (*citing United States v. Nelson*, 922 F.2d 311, 317-18 (6th Cir. 1990)).

In his order denying the Defendant's motion for a bill of particulars, the Magistrate Judge expertly sets out the law and standards for the issuance of a bill of particulars. This Court agrees with the Magistrate Judge's reasoning and conclusions. According to the Magistrate Judge,

> The question is not whether further particularity would assist the defendant; more information is always useful. The question is whether the specific context presented requires further particularization in light of the limited reasons for Rule 7(f). . . .
>
> Here, the indictment sets forth the defined § 846 elements to be proven at trial. The indictment identifies the date and location of parameters, identifies the specific substances at issue, and identifies co-conspirators. In this scenario, no basis for ordering a bill of particulars exists.

[Record No. 176, p. 4-5] As the Magistrate Judge noted, the indictment in this case sets out the requisite elements of § 846, as well as the dates and location of the alleged conspiracies. The

indictment further provides the citation to the statute alleged to be violated and thus satisfies the requirements for a sufficiently detailed indictment. *See Kendall*, 665 F.2d at 134; *Rey*, 923 F.2d at 1222. The Magistrate Judge also correctly points out that the cases and advisory committee notes the Defendant cites in support of his motion[1] "do not accurately reflect the manner in which courts have applied Rule 7(f)." [Record No. 176, p. 5]

The Court further finds that the Defendant is not entitled to a bill of particulars with respect to Count 4 of the indictment, which charges him with the unlawful theft of over

---

[1] The Defendant cites *United States v. Taylor*, 707 F. Supp. 696 (D.C.N.Y. 1989), *United States v. Williams*, 309 F.Supp. 32 (D.C. Ga. 1969), *United States v. Nomura Trading Co.*, 213 F.Supp. 704 (D.C.N.Y. 1963), and *United States v. Smith*, 16 F.R.D. 372 (W.D. Mo. 1954), in his reply brief in support of his motion. [Record No. 174]

In *Taylor*, the Court granted the Defendant's motion for a bill of particulars only with respect to the approximate dates the conspirators allegedly joined the conspiracy, the approximate the dates and locations of any meetings or conversations at which the Defendant allegedly joined the conspiracy, and the identities of known co-conspirators, while denying the motion in all other respects. *Taylor*, 707 F. Supp. at 700. However, that court's holding is contrary to the law of this circuit, where "[a]s long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators . . . ." *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991). Otherwise, that case is inapplicable as the indictment in this case already provides the approximate dates that the conspirators allegedly joined the conspiracy, as well as the location of the conspiracy.

In *Williams* and *Nomura Trading Company*, the courts addressed indictments charging the defendant with conspiracies, but the motions for a bill of particulars were specifically requested and granted with respect to the overt acts alleged in furtherance of the conspiracy. *Williams*, 309 F. Supp. at 35; *Nomura Trading Co.*, 213 F. Supp. at 708. Because this circuit does not require the government to charge or prove an overt act to obtain a conviction for a conspiracy, these cases are also inapplicable to the one currently before the Court. *See Superior Growers Supply, Inc.*, 982 F.2d at 177.

Finally, *Smith* involved an indictment charging distribution of narcotics, not a conspiracy to distribute. In that case, the court did direct the government to file a bill of particulars with respect to the specific acts of selling drugs. Again, that case is not persuasive to the one currently before the Court. As the Sixth Circuit recognized in *United States v. Ridley*, "[a] bill of particulars is not intended to allow the defense to obtain detailed disclosure of all evidence held by the government before trial. This is particularly true in a conspiracy case in which the Government is not required to disclose all overt acts alleged to have occurred in furtherance of the conspiracy." *Ridley*, 199 F. Supp. 2d at 708 (citations omitted).

$5,000.00 in government funds. The indictment alleges that, at all times relevant, the Manchester Police Department was a government agency, that it received money from the United States government in excess of $10,000.00 during the year-long period in which the offense is alleged to have occurred, that the Defendant was an agent and employee of the government agency, and that from April 2003 through March 2004, the Defendant "did embezzle, steal, obtain by fraud, and otherwise without authority convert to the use of another person other than the rightful owner, over $5,000 that was under the case, custody and control of the MPD, all in violation of 18 U.S.C. § 666." [Record No. 121, p. 3-4] As the Magistrate Judge noted, "[c]ertainly, that level of particularity closely tracks the statutory language and furnishes information adequate to meet the values of Rule 7." [Record No.176, p. 7]

Finally, the Court notes that the Defendant has received "voluminous discovery" from the government, as well as other information concerning the charges against him and thus should not suffer any prejudice as a result of the denial of his objection and motion. The Defendant has access to the proposed plea agreement of Bobby Joe Curry, which provides detailed information concerning the crimes charged against the Defendant. Additionally, although the Defendant claims in his reply brief that the discovery as of November 2, 2006, "shed no light on the nature of the charges in the second superceding indictment against Roberts," he also asserts in his motion to continue that he has not had sufficient time to review this discovery. [See Record No. 185] According to that motion, the Defendant asserts that, as of October 17, 2006, the government had turned over in excess of 3,000 pages of discovery, including telephone records and bank records.

Accordingly, because the indictment provides the Defendant with sufficient information so that the he is informed of the charges against him and because the Defendant has access to information beyond what is required in the indictment, a bill of particulars would serve no useful purpose in this case.

### III.   CONCLUSION

It is hereby **ORDERED** that the Defendant's objection [Record No. 184] to the Magistrate Judge's Order denying the motion for a bill of particulars is **DENIED**.

This 7th day of December, 2006.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge